IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

PAUL WARREN BROWN,          )
                           )
              Plaintiff,   )
                           )
      v.                   )          CV 315-033
                           )
                           )
CAROLYN W. COLVIN, Acting  )
Commissioner of Social Security )
Administration,            )
                           )
              Defendant.   )

_____

**O R D E R**

_____

Plaintiff filed the above-captioned social security appeal on April 2, 2015.  (Doc. no. 1.)

On April 21, 2015, the Court denied Plaintiff's request to proceed *in forma pauperis* and directed

him to pay the $400 filing fee after determining Plaintiff receives nearly $3,000 per month in

Veterans Administration Benefits and therefore appeared to have the financial resources to pay

the filing fee.  (See doc. nos. 4-6.)  Plaintiff responded to the Court's Order with a motion to

voluntarily dismiss his case without prejudice.  According to Fed. R. Civ. P. 41(a)(1)(i), Plaintiff

may dismiss his case without an Order from the Court.  Therefore, the Court **DIRECTS** the Clerk

to **DISMISS** this civil action without prejudice and terminate all pending motions.

While the dismissal entered here is without prejudice,[1] Plaintiff should consider that

the practical effect of dismissal may be with prejudice.  This is because a claimant must

_____

[1]Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an
adjudication on the merits.  See Fed. R. Civ. P. 41(b).

commence a civil action seeking review of a final decision of the Acting Commissioner of Social Security "within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). This sixty-day deadline, however, "is not jurisdictional, but is a statute of limitations which is waivable by the parties and subject to the doctrine of equitable tolling." Scott v. Colvin, Civ. A. No. 13-0106, 2013 WL 2452313, at *2 n.2 (S.D. Ala. June 5, 2013) (citing Bowen v. City of New York, 476 U.S. 467, 478-80 (1986).) Nevertheless, the law is clear that the mere fact a complaint is dismissed without prejudice does not permit a plaintiff to later file a complaint outside the statute of limitations. Christides v. Commissioner of Soc. Sec., 478 F. App'x 581, 584 (11th Cir. 2012) (citing Bost v. Federal Express Corp., 372 F. 3d 1233, 1242 (11th Cir. 2004).)

SO ORDERED this 22nd day of May, 2015, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA